# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------X
YANKOV PREIS, pleading on his own behalf and on all similarly situated consumers,

Index No.

Plaintiff

SUMMONS

vs.

FIRSTSOURCE ADVANTAGE, LLC

Date Index No. Purchased:

Defendants.
-----------------------------------------------------------------X

To the above-named Defendant:

    Firstsource Advantage, LLC
    205 Bryant Woods South
    Amherst, New York 14228

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the Plaintiff's residence in Rockland County. Plaintiff's address which is Suffern, New York.

Dated this 16th day of December, 2020.

    */s/ Daniel Zemel*
    Daniel Zemel, Esq.
    Elizabeth Apostola, Esq.
    ZEMEL LAW, LLC
    660 Broadway
    Paterson, NJ 07514
    T: (862) 227-3106
    F: (973) 282-8603
    dz@zemellawllc.com
    ea@zemellawllc.com
    Attorneys for Plaintiff

Notice: The nature of this action is violation of the Fair Debt Collections Practices

SUPREME COURT OF THE STATE OF NEW YORK
ROCKLAND COUNTY

YANKOV PREIS, pleading on his own behalf ) Case No.:
and on behalf of all other similarly situated )
consumers, )
 )
      Plaintiff, ) CLASS ACTION COMPLAINT
 )
vs. )
 )
FIRSTSOURCE ADVANTAGE, LLC )
 )
      Defendant. )
 )

Plaintiff, Yankov Preis, alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

### JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to NY CPLR §301.

3. Venue is proper in this district under NY CPLR §503(c).

### PARTIES

4. Plaintiff is a resident of Suffern, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant Firstsource Advantage ("Firstsource" or "Defendant") is a corporation doing business in the State of Pennsylvania, with its corporate headquarters located at 205 Bryant Woods

South, Amherst, New York 14228, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL STATEMENT

6. Defendant Firstsource has engaged in debt collection attempts directed towards Plaintiff and other similarly situated consumers by masquerading as American Express which violates numerous provisions of the FDCPA, including but not limited to §1692e and its subsections by using false, deceptive, or misleading representations in connection with the collection of a debt.

7. Defendant intentionally masquerades as American Express and uses the American Express logo on its collection letters to deceive Plaintiff, and similarly situated consumers, into believing that (a) the letters were prepared and sent by American Express; (b) that American Express can be reached at the addresses on the letters; (c) that payment sent to those addresses would be received by American Express and (d) that American Express was attempting to collect the debt referenced in the collection letters, rather than a third party debt collector.

8. The Collection Letter sent to Plaintiff by Defendant (Exhibit A) displays the distinctive square shaped American Express logo and even display the encircled "R" indicating the use of a registered trademark. Within the logo the text "AMERICAN EXPRESS" appears in prominent bold lettering.

9. The American Express logo appears at the top of the letterhead and references an "American Express account" and way to pay the balance at www.americanexpress.com. The Letter is also signed "Sincerely, American Express Global Collections."

10. In the body of the Collection Letters, it is noted that one can contact Firstsource in order to make payment or send the payment to their website.

11. Upon information and belief, the numerous and explicit references to "American Express" are meant to convey to Plaintiff and the least sophisticated consumer that the Collection Letters were actually created and sent by the alleged original creditor, American Express. In reality, the Collection Letters were sent by Defendant, a third-party debt collector.

12. Upon information and belief, Defendant sent the Collection Letters as American Express in an effort to avoid compliance with state and federal debt collection laws, including but not limited to the FDCPA.

13. The debt in question stems from Plaintiff's personal credit card which he used for personal, family or household uses and is therefore considered a "debt" as that term is used and defined under the FDCPA.

14. Upon information and belief, in an attempt to collect said debt, Defendant sent a letter to Plaintiff on January 15, 2020. Exhibit A. This letter contains the American Express logo and a post office box in Salt Lake City, UT is noted in the upper right-hand corner. The letter is signed from American Express Global Collections. Upon information and belief, this is false as the letter is actually from Defendant.

15. Through this conduct, Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; 15 U.S.C. §1692e(9) by the use and distribution of any written communication which creates a false impression as to its source, authorization, or approval; 15 U.S.C. § 1692e(10) though the use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information from a consumer; 15 U.S.C. § 1692e(14) by the use of any business, company, or organization name other than the true name of the debt collector's business or company.

16. The Collection Letters were also "communications" as that term is defined by 15 U.S.C. §1692e(11) and as such Defendant violated 15 U.S.C. §1692e(11) in that the collection letter sent

on January 15, 2020 failed to disclose that the letter was from a debt collector, that the letter was an attempt to collect a debt by a debt collector or that any information obtained would be used for the purpose of debt collection.

17. Defendant's violations of the FDCPA caused actual harm to the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity in violation of the Plaintiff's statutorily created rights to be free from such illegal debt collection tactics, by depriving the Plaintiff of information to which he has a legal right to, creating the risk that the Plaintiff may pay a debt he may not have otherwise chosen to pay, and by causing the Plaintiff to be subject to false, deceptive, abusive, unfair, and unconscionable means to collect a debt.

## CLASS ACTION ALLEGATIONS

### The Class

18. Plaintiff brings this as a class action pursuant to NY CPLR Article 9 on behalf of himself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

19. With respect to the Plaintiff's Classes, this claim is brought on behalf of the following classes:

> **Deceptive Class:** (a) all consumers with a New York address; (b) that incurred a debt from American Express; (c) for which Defendant Firstsource sent one or more collection letters (d) which contained the American Express logo (e) and was signed from American Express Global Collection (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

> **Failure to Disclose Class:** (a) all consumers with a New York address; (b) that incurred a debt from American Express; (c) for which Defendant Firstsource sent one or more collection letters (d) which failed to disclose the letter was from a debt collector, (e) that the letter was an attempt to collect a debt by a debt collector, (f) or that any information obtained would be used for the purpose of debt collection, (g) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

4

20. Excluded from the Classes is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

21. Upon information and belief, Defendant Firstsource has sent collection letters in attempt to collect a debt to hundreds of consumers throughout the State of New York, each of which violates the FDCPA. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

22. The letters sent by Defendant Firstsource, and received by the Classes, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

23. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant Firstsource's records.

### Common Questions of Law and Fact

24. There are questions of law and fact common to the classes that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Classes have been injured by Defendant's conduct; (iii) whether Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

### Typicality

25. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Classes defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

### Protecting the Interests of the Class Members

26. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

27. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

28. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

29. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

30. Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

31. Certification of a class is appropriate because the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes.

33. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

34. Absent a class action, the Class members will continue to suffer losses borne from Defendants' breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants' conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

35. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

36. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

37. Defendant Firstsource engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(9), 1692e(10), 1692e(11), and 1692e(14).

WHEREFORE, Plaintiff, Yankov Preis, respectfully requests that this Court do the following for the benefit of Plaintiff:

7

a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b. Enter an Order for injunctive relief prohibiting such conduct in the future;

c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

38. Plaintiff demands a jury trial on all issues so triable.

Dated this 16th day of December, 2020.

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel
Zemel Law LLC
660 Broadway
Paterson, NJ 07514
(862) 227-3106
dz@zemellawllc.com
Attorneys for Plaintiff