UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
YANKOV PREIS, individually and on behalf of  :
all others similarly situated,                                    :
                Plaintiff,                   :
                                                      :     **OPINION AND ORDER**
v.                                                                      :
                                                        :     21 CV 613 (VB)
FIRSTSOURCE ADVANTAGE, LLC,           :
                Defendant.              :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Yankov Preis brings this putative class action against defendant Firstsource Advantage, LLC ("Firstsource"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.

       Now pending is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim. (Doc. #7).

       For the reasons set forth below, the motion is GRANTED.

       The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).[1]

## BACKGROUND

       In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor.

---

[1] This case was commenced in state court and timely removed to this Court on January 22, 2021.

1

According to the complaint, defendant sent plaintiff a debt collection letter (the "letter") dated January 15, 2020.[2]

The upper left-hand corner of the letter has a square blue American Express logo. Next to the logo is the following address: American Express, PO Box 315111, Salt Lake City, UT 84131-9934.

The letter states plaintiff's American Express account has been transferred to defendant for collections. It states plaintiff may contact "them," referring to defendant, by phone, website, or mailing address, and provides defendant's phone number, website, and mailing address. The paragraph immediately following defendant's mailing address states, "You may also pay your balance online at www.americanexpress.com/waytopay using reference code 10952 to access the website." At the bottom of the letter, it states: "Sincerely, American Express Global Collections." (Doc. #11-1 at ECF 2).[3]

Plaintiff alleges the letter violates Sections 1692e, 1692e(9), 1692e(10), 1692e(11), and 1692e(14) of the FDCPA. Specifically, plaintiff claims Firstsource sent the letter with the intention to masquerade as American Express and deceive plaintiff into believing: (i) the letter was prepared and sent by American Express, (ii) American Express can be reached at the addresses on the letter, (iii) payment sent to those addresses would be received by American

---

[2]   In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). Although the complaint purports to attach as an exhibit a copy of the letter, there are no exhibits to the complaint. Accordingly, the Court ordered defendant, who had removed this case from state court, to file a copy of the letter (Doc. #9), which it did (Doc. #11-1). Plaintiff has raised no objection to the letter defendant filed on the docket. Accordingly, the letter is incorporated by reference into the complaint.

[3]   "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

Express, and (iv) American Express, rather than a third party debt collector, was attempting to collect the debt referenced in the collection letter.

## DISCUSSION

I.     Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[4] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

---

[4]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

When "an FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage." De La Cruz v. Fin. Recovery Servs., Inc., 2019 WL 4727817, at *3 n.5 (S.D.N.Y. Mar. 28, 2019).

II.     Fair Debt Collection Practices Act

Defendant argues the complaint should be dismissed because plaintiff fails plausibly allege to that defendant sent the letter.

The Court agrees.

A.      Applicable Law

Claims of FDCPA violations are evaluated under "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). "[T]he test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." Id. The least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993).

Under this standard, a collection notice may violate the FDCPA when it is sufficiently ambiguous to give rise to a reasonable, but inaccurate, interpretation. For purposes of assessing the validity of an FDCPA claim, a court should review a debt collection letter in its entirety. See McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002). Accordingly, courts analyze collection letters "from the perspective of a debtor who is uninformed, naive, or trusting, but is making basic, reasonable and logical deductions and inferences." Dewees v. Legal Servicing, LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007).

4

The Second Circuit has made clear that "in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." Clomon v. Jackson, 988 F.2d at 1319. "Accordingly, FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice and courts should apply the standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." Easterling v. Collecto, Inc., 692 F.3d 229, 233–34 (2d Cir. 2012).

Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and contains a non-exhaustive list of sixteen proscribed acts. As relevant to this case, Section 1692e(9) prohibits "[t]he use or distribution of any written communication which . . . creates a false impression as to its source, authorization, or approval." Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt," and Section 1692e(11) prohibits failure to disclose to the consumer that the written communication is from a debt collector. Finally, Section 1692e(14) prohibits "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."

B. <u>Application</u>

Plaintiff alleges defendant sent the letter and intentionally masqueraded as American Express by using the American Express logo and the signature "American Express Global Collections." Applying the least sophisticated consumer standard and reading the letter in its entirety, however, the Court concludes plaintiff has not plausibly alleged defendant sent the letter or that the letter is false, deceptive, or misleading in violation of Section 1692e.

Beyond conclusorily stating "[u]pon information and belief, Defendant sent the Collection Letter[] as American Express," the complaint contains no allegations to support the

contention that defendant sent the letter. (Doc. #1-1 ("Compl.") ¶ 12). Indeed, multiple indicia in the letter itself demonstrate that American Express sent the letter: at the top of the letter, next to the American Express logo, is an address for American Express; the letter is signed "Sincerely, American Express Global Collections," and it refers to Firstsource as "them," suggesting that the sender of the letter is not Firstsource.

Pointing to Pollak v. Firstsource Advantage, LLC, 2017 WL 1023351 (D.N.J. Mar. 16, 2017), and Elouarrak v. Firstsource Advantage, LLC, 2020 WL 291364 (N.D. Ill. Jan. 21, 2020), in which the plaintiffs had also pleaded Firstsource was "masquerading" as American Express, plaintiff argues "it is common knowledge at this point that Firstsource routinely masquerades as American Express." (Doc. #19 ("Opp.") at ECF 7). This argument does not change the Court's conclusion. Plaintiff's reliance on allegations contained in other complaints, and not repeated or referenced in the complaint in this case, is improper and cannot form the basis of an FDCPA claim.

Moreover, in neither case was any sort of "common knowledge" that Firstsource "routinely masquerades as American Express" established. The court in Pollak v. Firstsource Advantage, LLC, concluded that plaintiff had plausibly alleged an FDCPA claim against Firstsource and denied the 12(b)(6) motion.[5] And in Elouarrak v. Firstsource Advantage, LLC, the Court did not consider the sufficiency of the complaint's factual allegations; rather, it granted a motion to intervene pursuant to Rule 24(a)(2).

---

[5] Notably, in Pollak, in addition to pleading the debt collection letters there included the American Express logo and were signed "Sincerely, American Express Global Collections," the plaintiff included additional allegations beyond those pleaded here. For instance, plaintiff there also pleaded that when his counsel called American Express directly, American Express informed him that the number listed in the debt collection letter as belonging to American Express in fact belonged to Firstsource.

Had plaintiff plausibly alleged defendant sent the letter, then the complaint may plausibly plead the letter violates Section 1692e by "creating a false impression as to its source," using a false or deceptive practice to collect a debt, by failing to disclose the letter is from debt collector, or by using another organization or company's name. See § 1692(e)(9), (10), (11), (14). But because plaintiff does not plausibly allege defendant sent the letter, there is no factual content in the complaint from which the Court could conclude a reasonable consumer would misunderstand the letter.

Accordingly, the complaint must be dismissed.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #7) and close this case.

Dated: June 28, 2021
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge